Elzie **WILLIS**, Appellant,

v.

**TEXAS EMPLOYERS INSURANCE ASSOCIATION**, Appellee.

No. 11946.

Court of Civil Appeals of Texas, Austin.

July 12, 1972.

Purnell, Gillis & Rogers, Tom Purnell, Dallas, for appellant.

Clark, Thomas, Harris, Denius & Winters, E. Barham Bratton, Barry Bishop, Austin, for appellee.

SHANNON, Justice.

Appellant, Elzie Willis, appeals from a take nothing judgment entered in a workman's compensation case by the district court of Travis County. We will affirm that judgment.

In response to special issues the jury failed to find that appellant's injury of August 17, 1970 was a producing cause of any total or partial incapacity to plaintiff. Appellant's two points of error complain that these findings were contrary to the great weight and preponderance of the evidence.

Appellant was working as a laborer for Eversole Company on August 17, 1970 in Austin on a roofing job at the L.B.J. Library. While unloading insulation from a trailer truck he fell backward and struck the back of his head. His foreman, Johnny Lee Hill, took him to the offices of Dr. S.

H. Dryden who sutured the "small" laceration with two to four stitches. The next day appellant returned to his job and worked in Austin for the balance of the week. Appellant returned home to Dallas for the weekend, and there was testimony that he reported for work the following Monday at one of the Eversole Company's jobs in Houston. He worked on that job for three days until the rains forced the company to take the work crew off the job. Appellant then returned to Dallas and consulted Dr. Craig Boyd.

As a result of his fall appellant testified that he suffered from headaches which got "worser and worser" with the passage of time. He described that the pain in his head radiated into his neck and caused a certain stiffness in his neck. He also attributed a blurring of vision, loss of memory, and a speech defect to the fall. He said that he reported all of these complaints to Drs. Dryden and Boyd. According to appellant he also complained of his pains to his foreman. Witness Virginia Titus, a family friend, testified that appellant never stuttered before the fall and now commonly does. She also observed that his manner of walking before the fall was "perfect," but that now he walks like a "zombie or something." Barbara Jean Willis, appellant's wife, said appellant complained of stiffness in his neck, of dizziness and headaches. She also reported that after the fall appellant seems to have lost interest in sex and that all of this had put a strain on their marriage.

After being released by Dr. Boyd appellant worked one day at a nuts and bolts business and one day as a bricklayer's helper. He could not do the work, he testified, so he quit. Other than applying for a job carrying out groceries at a welfare agency, he made no more attempts to find work, although he testified that provided he could find work within his capacity, he would take a job.

Dr. Dryden characterized appellant's problem as a "small laceration" on the back

of his scalp. He saw appellant only one time after the initial visit. Dr. Dryden testified that his examinations of appellant presented no neurological signs or symptoms.

Appellant saw Dr. Boyd on August 22, 1970 followed by three office visits, the final one being September 8, 1970. Appellant did complain of headaches on his visits to Dr. Boyd. The X-rays of appellant's skull ordered by Dr. Boyd revealed no abnormality in the bone in the area of the laceration. The sum of his examinations of appellant was a "small cut with some stitches in it."

On the visit of September 8, Dr. Boyd released appellant and recommended that he return to work. As of September 8, Dr. Boyd was of the opinion that appellant had completely recovered, and that appellant would have no further problems from the laceration. In addition, he testified that he would place no limitations on appellant's ability to work. In his opinion appellant was able to perform those jobs which he had previously done.

Contrary to appellant's statement, Dr. Dryden and Dr. Boyd reported that appellant had not complained to them of blurred vision, stiffness in his neck, pressure in his head, loss of memory or change in his speech habits.

Appellant's foreman, Johnny Lee Hill, was not present when appellant fell, but upon his arrival, appellant was "up walking." When appellant returned to the job the next day, and thereafterwards, he never complained to Hill of any pains, and in Hill's opinion appellant appeared able to do his work as well as he did before the fall.

From the preceding summary it is apparent that there is ample evidence to support the findings of the jury, and that those findings were not contrary to the great weight and preponderance of the evidence.

The judgment is affirmed.

Affirmed.